UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JOSEPHINE SILVA,

       Plaintiff,

v.                                                              CASE No. 8:11-CV-153-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____


## O R D E R

The plaintiff in this case seeks judicial review of the denial of
her claim for Social Security disability benefits.* Because the decision of the
Commissioner of Social Security is supported by substantial evidence and
does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was thirty-five years old at the time of the
administrative hearing and who has an associate's degree, has worked as a
graphic designer, telemarketer, and video store clerk (Tr. 33-35, 173, 313).

---

*The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 14).

She filed a claim for Social Security disability benefits, alleging that she became disabled due to fibromyalgia, anxiety disorders, migraines, panic attacks, and back pain (Tr. 158). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "fibromyalgia, back pain, and depression and panic disorder" (Tr. 14). The law judge further found that the plaintiff's "complaints of ovarian cyst, migraine headaches, and gastrointestinal disorders are not 'severe' within the meaning of the Regulations" (id.). He concluded that, with her impairments, the plaintiff can perform light work with the following restrictions (Tr. 16):

> She can lift and carry 10lbs frequently and 20lbs occasionally. She can sit, stand and walk 6 hours in an 8-hour day. She can occasionally climb ladders, ropes, scaffold, stoop and crouch. The claimant can frequently climb ramps, stairs, and balance, kneel and crawl. She can hear, understand, remember and carry out simple routine 1-2 step work instructions.

The law judge decided that these limitations prevented the plaintiff from returning to prior employment (Tr. 20). However, based upon the testimony

of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as mailroom clerk, merchandise marker, and line inspector (Tr. 21). The law judge therefore ruled that the plaintiff was not disabled (Tr. 22). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds. Neither warrants reversal.

The plaintiff argues first that the law judge "erred by failing to adequately develop the record regarding the Plaintiff's conditions of migraine headaches and alleged side effects from her medication" (Doc. 22, p. 5). The law judge has a basic duty to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). However, the burden of proving disability rests primarily with the plaintiff. See Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001); 20 C.F.R. 416.912(c)("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled."). Moreover, a remand is not warranted due to a failure to develop the record unless the

plaintiff can demonstrate evidentiary gaps in the record which result in "unfairness or clear prejudice." Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 586 (11th Cir. 1991). The plaintiff did not demonstrate that the law judge failed to develop the record, much less that such a failure resulted in evidentiary gaps amounting to clear prejudice.

The plaintiff contends, in particular, that the law judge did not adequately develop the record concerning her allegations of migraines (Doc. 22, pp. 5-8). However, the record as a whole contradicts the plaintiff's assertion. As the plaintiff acknowledges, the law judge inquired about her migraines, including the medications she uses to treat them, at the administrative hearing (Tr. 37-38). The law judge also specifically considered the plaintiff's allegations of migraines in his decision and concluded that the impairment was not severe (Tr. 14, 17). As the Commissioner properly notes, "no treating or examining source ever assigned any limitation to Plaintiff based on headaches" (Doc. 23, pp. 5-6). Therefore, the law judge reasonably concluded that the plaintiff's migraines did not constitute a severe impairment.

The plaintiff asserts that the law judge did not provide a basis for his finding that the plaintiff's migraines were not severe (Doc. 22, p. 7). In his decision, however, the law judge explicitly stated that he found the plaintiff's migraines were not severe because "[t]here is no medical evidence to document any significant functional limitations caused by [the plaintiff's] complaints" (Tr. 14). The plaintiff has not pointed to any evidence in the record which contradicts this finding.

The plaintiff contends that the law judge erred by not "ask[ing] how often she has headaches, how long they last, the severity of the pain, whether there were certain triggers, what makes the migraines worse, etc." (Doc. 22, p. 7). However, the plaintiff made no attempt to provide this information during her testimony. Moreover, although the plaintiff's representative asked a series of questions during the hearing, she did not inquire about the plaintiff's allegations of headaches at all (Tr. 43-44). These circumstances indicate that neither the plaintiff nor her representative considered the plaintiff's headaches a significant impairment. In fact, it was only the law judge who even raised the matter of headaches. He cannot be faulted for not exploring that condition in detail. He at least alerted the

plaintiff and her representative to that matter. Their failure to pursue it underscores the lack of importance they attached to it. It is, after all, the plaintiff's burden to establish a disability.

In addition, the plaintiff argues that the law judge failed to address adequately her complaints regarding the side effects from her medication (Doc. 22, pp. 5-8). This argument is unpersuasive.

In support of her contention, the plaintiff refers to her alleged side effects of sleepiness, drowsiness, and poor memory (id., pp. 7-8). More precisely, what the plaintiff testified to was that "[t]hey make me feel very tired and, like upset stomach, nauseousness sometimes" (Tr. 43). She added that "I forget a lot of things sometimes, I don't know if that's from the medication" (id.). Significantly, the law judge did not disregard these subjective complaints. In his decision, the law judge specifically stated that the plaintiff "takes anti-depressant and narcotic pain medications for [her] symptoms - however, she experiences side effects of fatigue, upset stomach and forgetfulness" (Tr. 17).

Upon considering the evidence in light of the Eleventh Circuit's pain standard (see id.), the law judge found "that the claimant's medically

determinable impairments could [be] expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible" (Tr. 19). This credibility determination – which the plaintiff has not challenged – adequately covers the plaintiff's minimal testimony regarding side effects. In this respect, the Commissioner correctly notes that the "record supports this conclusion since Plaintiff repeatedly denied any significant side effects to various treating sources" (Doc. 23, p. 6; see also Tr. 535, 689, 693, 750, 752-54).

For these reasons, the law judge did not err in his consideration of the plaintiff's allegations regarding migraine headaches and medication side effects.

The plaintiff's second contention is that the law judge erred by failing to comply with SSR 00-4p, 2000 WL 1898704 (Doc. 22, p. 8). Specifically, the plaintiff argues that the vocational expert's testimony was inconsistent with the Dictionary of Occupation Tables ("DOT") and the plaintiff's residual functional capacity, and the law judge failed to correct the inconsistency (id., pp. 10-13). This same argument has previously been

rejected by me and the Eleventh Circuit. <u>Miller</u> v. <u>Astrue</u>, Case No. 8:06-CV-381-T-TGW (M.D. Fla. 2007)(Doc. 17, pp. 5-9), <u>aff'd.</u>, 246 Fed. Appx. 660 (11th Cir. 2007).

SSR 00-4p is designed to identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by a vocational expert and information in the DOT. To this end, the Social Security Ruling states that, "[w]hen a VE [vocational expert] ... provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE ... evidence and information provided in the DOT." 2000 WL 1898704 *4.

For several reasons, the plaintiff's assertion of an inconsistency between the DOT and the vocational expert's testimony does not warrant reversal.

First, the record indicates that the law judge complied with SSR 00-4p. Thus, the law judge specifically inquired as to whether the vocational expert's testimony was consistent with the DOT (Tr. 47). In response, the vocational expert stated that his testimony was consistent with the DOT (<u>id.</u>).

Particularly since there was no testimony to the contrary, the law judge's finding that, "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles" (Tr. 21) is clearly supported by substantial evidence.

Second, even if the law judge failed to comply with SSR 00-4p, that would not warrant reversal. SSR 00-4p is neither a statute nor a regulation and therefore does not have the force of law. Miller v. Commissioner of Social Security, 246 Fed. Appx. 660 (11th Cir. 2007). Accordingly, a violation of that directive would not amount to reversible error.

Third, even assuming there is a conflict between the expert's testimony and the DOT, the expert's testimony would prevail. Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000). Thus, the Eleventh Circuit has held that, where there is a conflict between the expert's testimony and a job description contained in the DOT, "the VE's testimony 'trumps' the DOT." Id.

The plaintiff's final assertion is that the vocational expert identified jobs which involve exposure to loud noises (Doc. 22, p. 13). She

contends that, "[e]ven if the Plaintiff's migraine headaches were 'non-severe' she still may have to avoid jobs that expose her to moderate to loud noise" (id.). This contention is baseless. As the Commissioner correctly notes, "the ALJ found no such limitation [against loud noises], the record does not support such a limitation, and Plaintiff provides no evidence of such limitation other than pure speculation" (Doc. 23, p. 9 n. 4).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 31st day of January, 2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE